**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-02091-CMA

JOHN EDWARD BLAGG,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

---

**ORDER AFFIRMING ALJ'S DECISION
DENYING SOCIAL SECURITY BENEFITS**

---

This matter is before the Court on review of the Commissioner's decision to deny Plaintiff John Edward Blagg's ("Plaintiff") application for social security disability benefits under Title II and XVI of the Social Security Act. Jurisdiction is proper under 42 U.S.C. § 405(g).

## I.   BACKGROUND

In March 2011, Plaintiff applied for disability insurance benefits. Plaintiff was born on December 11, 1951, and was 58 on his alleged disability onset date of January 1, 2009. (AR at 19; 105.)[1] After his initial application was denied, Plaintiff requested a hearing, which was held on September 28, 2012, before an Administrative Law Judge ("ALJ"). (AR 27.)

---

[1] Citations to the Social Security Administrative Record will be to "AR" followed by the relevant page number.

The highest grade of school Plaintiff completed was eighth grade. (AR at 119.) He has worked in the past as an oil field worker, temporary laborer, furniture mover, kiln loader, production specialist, and relief operator on an oilrig. (AR 119; 126.)

Plaintiff alleges that he suffers from degenerative disc disease, depression, hearing problems, hepatitis B and C, one-fourth of his right hand missing, sleep problems, lower back pain and arthritis, hammer toes, headache from head injury, and fatigue. (AR 118.) According to Plaintiff, he hurt his hand in the early 1980s and, as a result, had his middle finger amputated. (AR 32.) Additionally, his index finger has some tendon issues that are "very painful." (AR 33.) Ultimately, Plaintiff testified that his employer "laid [him] off for physical" because he had lower back problems and his doctor would not return him to work release. (AR 35.)

On October 26, 2012, the ALJ issued an unfavorable decision, denying benefits. (AR 18–24.) In applying the five-step sequential evaluation process outlined in 20 C.F.R. §§ 404.1520 and 416.920 to determine whether Plaintiff was disabled, the ALJ determined that:

1. Plaintiff has not engaged in substantial gainful activity since January 1, 2009, the alleged onset date. [Step 1]

2. Plaintiff has the following severe impairments: degenerative disc disease, right shoulder arthropathy, residuals of right hand injury resulting in the right middle finger amputation and right index finger pain. [Step 2]

3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. [Step 3]

4. Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except no repetitive but frequent manipulative work with the right (dominant) hand. [Step 4]

    5. Plaintiff is capable of performing past relevant work as a production scheduler. This work does not require the performance of work-related activities precluded by Plaintiff's RFC. [Step 5]

The Appeals Council denied Plaintiff's request for review. (AR 2–5.) On July 28, 2014, Plaintiff filed her appeal of the Commissioner's final decision. (Doc. # 1.) Plaintiff filed her opening brief on March 30, 2015; the Commissioner responded on April 29, 2015, and Plaintiff replied on May 14, 2015. (Doc. ## 11, 12, 13.)

## II.  STANDARD OF REVIEW

This Court's review of the ALJ's determination is limited to determining whether the ALJ's decision is supported by substantial evidence and whether the Commissioner—through the ALJ—applied the correct legal standards. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance. *Wall*, 561 F.3d at 1084. In reviewing the record and the arguments of counsel, the Court does not reexamine the issues *de novo*, *Sisco v. United States Department of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993), nor does it re-weigh the evidence or substitute its judgment for that of the Commissioner, *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). Thus, even when some evidence may have supported contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it *de novo*." *Oldham v. Astrue*, 509 F.3d 1254, 1257–58 (10th Cir. 2007).

## III. ANALYSIS

The Court will address, in turn, Plaintiff's three arguments in support of his contention that the Commissioner committed errors in rendering her decision: (1) the Appeals Council erred by failing to properly evaluate the new and material evidence submitted by Plaintiff; (2) the ALJ's step four determination—that Plaintiff could return to his past relevant work—was based upon error of law and was not supported by substantial evidence; and (3) the ALJ improperly assessed Plaintiff's credibility.

### A. WHETHER THE APPEALS COUNCIL ERRED BY FAILING TO PROPERLY EVALUATE THE NEW AND MATERIAL EVIDENCE

Plaintiff argues that the records from St. Mary's Family Medicine Center and the medical report from Dr. Bialek constituted new and material evidence that could have reasonably changed the outcome of the ALJ's disability determination and, thus, the Appeals Council should have considered it.

"Under 20 C.F.R. §§ 404.970(b) and 416.1470(b), the Appeals Council must consider evidence submitted with a request for review if the additional evidence is (a) new, (b) material, and (c) related to the period on or before the date of the ALJ's decision." *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) (citations and internal quotation marks omitted). Evidence is material to the determination of disability if there is a reasonable possibility that it would have changed the outcome. *Lawson v. Chater*, No. 95-5155, 83 F.3d 432, *2 (10th Cir. 1996). "Whether evidence qualifies as new, material, and chronologically relevant is a question of law subject to [the Court's] *de novo* review. If the evidence does not qualify, it plays no further role in judicial review of the Commissioner's decision. If the evidence does qualify and the Appeals

4

Council considered it in connection with the claimant's request for administrative review (regardless of whether review was ultimately denied), it becomes part of the record we assess in evaluating the Commissioner's denial of benefits under the substantial-evidence standard. Finally, if the evidence qualifies but the Appeals Council did not consider it, the case should be remanded for further proceedings." *Chambers*, 389 F.3d at 1142.

Plaintiff submitted to the Appeals Council new medical evidence from St. Mary's Family Medicine Center (AR 248–277) and from Dr. Bialek (AR 280). Although the Appeals Council denied Plaintiff's request for review, it expressly noted that it considered Plaintiff's additional evidence. (AR 1.) Accordingly, because the Appeals Council considered the additional evidence from St. Mary's Family Medicine Center and Dr. Bialek, it is now part of the administrative record to be considered by the Court in evaluating whether the ALJ's decision is supported by substantial evidence. *Martinez v. Barnhart*, 444 F.3d 1201, 1208 (10th Cir. 2006).

**B.    WHETHER THE ALJ ERRED AT STEP FOUR**

Plaintiff argues the ALJ erred at step four because he did not properly assess Plaintiff's RFC and he determined that Plaintiff could return to his past relevant work.

At step four, the ALJ is to apply a three-phase analysis in determining whether the plaintiff has the ability to return to his past relevant work. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996).

> In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC), and in the second phase, he must determine the physical and mental demands of claimant's past relevant work. In the final phase, the ALJ determines whether the claimant has the

> ability to meet the job demands found in phase two despite the mental
> and/or physical limitations found in phase one.  At each of these phases,
> the ALJ must make specific findings.

*Id.* Contrary to Plaintiff's contentions, the ALJ properly applied the three-step analysis.

1. **Step 1: Plaintiff's RFC**

Plaintiff argues the ALJ erred in assessing Plaintiff's RFC because while Dr. Barney opined that Plaintiff's limitations included "only occasional handling and fingering with the right hand," (AR 226) the ALJ determined that Plaintiff can perform "frequent manipulative work" (AR 21).

The ALJ is required to weigh every relevant medical opinion he receives using all factors in 20 C.F.R. § 404.1527(c).  However, the ALJ is not required to supply a formalistic recitation of all the factors.  *Oldham*, 509 F.3d at 1258.  The ALJ placed "some weight" on Dr. Barney's opinion because it was "not supported by the totality of the evidence."  *See* 20 C.F.R. § 404.1527(c)(3) (supportability).  Specifically, the ALJ stated, "[w]hile Dr. Barney determined that the claimant's grip strength was reduced to 4+/5 in the right hand, and he diagnosed mild degenerative joint disease in that hand, the clinical evidence does not support, nor does it indicate at all, that the claimant should be limited to occasional manipulation." (AR 23.)  Accordingly, the ALJ provided sufficient reasons for the weight he gave to Dr. Barney's opinion.  *See Oldham*, 509 F.3d at 1258.

Next, Plaintiff contends that the ALJ cited no evidence in the record that was contrary to Dr. Barney's findings and, thus, the ALJ erred in according only "some weight" to Dr. Barney's opinion.  The ALJ, however, supported his position with

evidence from the record. For instance, the ALJ considered clinical findings that demonstrated Plaintiff had "full strength in all extremities" and "mild joint arthropathy in x-rays." (AR 23.) Additionally, the ALJ recognized that Plaintiff's hand injury and finger amputation were not recent, dating to around 1993, after which Plaintiff continued to work; and Plaintiff does about fifteen minutes of exercises including push-ups, which calls into question Plaintiff's severity of pain. (*Id.*) Also, Drs. Leitheiser and Ellinwood from St. Mary's Family Medicine Center determined that Plaintiff has "5/5 strength symmetrically in the bilateral upper and lower extremities." (AR 90.) Thus, the ALJ did not err in the weight he accorded Dr. Barney or in his assessment of Plaintiff's RFC.

   2.   **Steps 2 and 3: Plaintiff's Past Relevant Work**

Next, Plaintiff asserts he was never employed as a production scheduler, but rather was a kiln loader and maintenance mechanic/production specialist, both of which were heavy in their exertional demands. As such, Plaintiff claims that the ALJ erred when he found that Plaintiff could return to his past work as a production scheduler because the position "production scheduler" was an occupational duty or constituent part of Plaintiff's job as a maintenance mechanic/production specialist.

Although the ALJ may have erred when he indicated that Plaintiff had worked in the past as a production scheduler and, thus, could return to this past work, such error is harmless. As discussed *supra*, the ALJ properly assessed Plaintiff's RFC in accordance with the first phrase. Pursuant to the ALJ's second phase analysis, in determining whether Plaintiff has the ability to return to his past relevant work, the ALJ evaluated the demands of Plaintiff's past relevant work, notably Plaintiff's work as a

production operator. In Plaintiff's Work History Report, he stated that his position as a production operator consisted of repairing machines and scheduling operators. (AR 127.) The Vocational Expert accurately testified that Plaintiff's past work as a production operator was a combination of a maintenance mechanic and production scheduler. The maintenance mechanic position required heavy work as generally performed in the national economy, but light work as Plaintiff actually performed it and the production scheduler was a light exertional job. The Vocational Expert determined that with Plaintiff's RFC, Plaintiff could return to his past work as a production operator; and the ALJ agreed. Accordingly, the ALJ properly applied the three-phase analysis and, thus, did not err in finding that Plaintiff could return to his past relevant work as a production scheduler.

**C.     WHETHER THE ALJ IMPROPERLY ASSESSED PLAINTIFF'S CREDIBILITY**

Plaintiff contends that the ALJ erred in his assessment of Plaintiff's credibility. "[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence." *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2011) (quoting *Kepler v. Chater*, 68 F.3d 387, 390–91 (10th Cir. 1995)). Provided the ALJ links his credibility assessment to specific evidence in the record, his determination is entitled to substantial deference. *Id*. at 910; SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996) (ALJ's decision "must contain specific reasons for the finding on credibility, supported by evidence in the case record"). Because the determination of credibility is left to the ALJ as the finder of fact, that determination is generally binding on a reviewing court.

In the instant case, the ALJ concluded that Plaintiff was "at least partially credible, as he does have medically determinable impairments that would be expected to produce back, shoulder, and hand pain." (AR 23.) However, the ALJ noted that Plaintiff's debilitating and limiting pain are at odds with the record evidence. For instance, the ALJ considered that, because Plaintiff takes no medication other than ibuprofen, it calls into question the severity of Plaintiff's pain in general. Additionally, the record reflects Plaintiff was treated only once with an anti-inflammatory injection for his pain and clinical findings demonstrated that Plaintiff had full strength in all extremities, negative straight leg raises in both his legs, and findings of "mild" joint arthropathy in x-rays. The ALJ supported his findings with citations to the record. Because the ALJ linked his credibility assessment to specific evidence in the record, his determination is entitled to substantial deference. Further, the ALJ's credibility finding was not a "boilerplate" conclusion without any supporting evidence. *See Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004). Rather, the ALJ properly considered objective and subjective factors and gave ample supporting reasons for his credibility determination. *See* 20 C.F.R. § 404.1529 (discussing how ALJs evaluate symptoms). Thus, the ALJ did not err in his assessment of Plaintiff's credibility.

## IV.   CONCLUSION

For the foregoing reasons, it is ORDERED that the ALJ's decision is AFFIRMED. Each party shall bear its own costs and attorney's fees.

DATED:  July 13, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge